The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jeffery Mark McMeel, Plaintiff, v. United States of America, Defendant. | Case No. 3:12-cv-6067-BHS<br><br>UNITED STATES' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and (6)<br><br>NOTING DATE: March 15, 2013 |

The United States, through its undersigned counsel, moves to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff's complaint, Dkt. # 1, amended complaint, Dkt. # 3, and response to the Court's show cause order, Dkt. # 10, are difficult to follow. However, in parsing Plaintiff's filings, it appears that Plaintiff seeks recovery of amounts recovered through IRS levies of his wage income. Nonetheless, even if his pleadings are given extremely liberal construction, there is no jurisdiction for this action. Further, Plaintiff has also failed to state a claim upon which relief can be granted. As such, the United States moves for dismissal.

**Background**

On March 2, 2009, the IRS assessed a $10,000 penalty against Plaintiff pursuant to 26 U.S.C. §


Quinn P. Harrington, 202.514.6507
U.S. Department of Justice, Tax Division
P.O. Box 683,Washington, D.C. 20044-0683

6702 for filing a frivolous income tax return. Ex. 1. After sending the required notices, the IRS levied against Plaintiff, collecting $359.62 each month between October 5, 2009, and December 14, 2009. Ex. 1. The IRS has not collected any sums from Plaintiff since December 14, 2009. Ex. 1. On July 12, 2010, the IRS assessed another penalty against Plaintiff for filing another frivolous income tax return. Ex. 1.

On December 19, 2012, Plaintiff filed a document titled "Demand for Post Seizure Hearing and Show Cause" naming the United States and the Internal Revenue Service as the Defendant. Dkt. # 1. Plaintiff's assertion of jurisdiction in that document is unclear, but he relies primarily upon statutes concerning admiralty and cites 26 U.S.C. § 7323, a statute giving jurisdiction to district courts for IRS initiated forfeiture actions that is not applicable in this case because the IRS did not seize any property through the operation of that statute. The crux of Plaintiff's argument in his original complaint appears to be that the IRS' levy upon his wages was invalid because the IRS' lien and levy were "not supported with any complaint, Warrant of Arrest, Judicial orders, or any process issued by a Court Clerk or Judge from any Federal District Court or State Court." Dkt. # 1, p. 3 & 4. Plaintiff appears to argue that the IRS can only collect through district court forfeiture proceedings. *See* Dkt. # 1, p. 5. Plaintiff also attached a letter sent to Internal Revenue Service, 1201 Pacific Ave., Tacoma, WA 98402, on December 18, 2012, the day before filing his complaint, that he claims constitutes an administrative request with the IRS. Dkt. # 1-1.

On January 3, 2013, Plaintiff filed a document titled "Amended Demand for Prompt Post Seizure Hearing Pursuant to LAR 116(B) and Show Cause." Dkt. # 3. That document appears to be the original complaint with an additional request for a hearing under local admiralty rules. Dkt. # 3, p. 6.

On January 10, 2013, this Court entered an Order to Show Cause questioning the jurisdiction of this action. Dkt. # 9. It noted that 26 U.S.C. § 7323 does not provide any jurisdiction to demand a post seizure hearing or issue a show cause order. Dkt. # 9, p. 2. Second, the Court noted that if a forfeiture proceeding had been used by the IRS, it would have been opened in the place of the seizure, Pennsylvania in this case, which would make venue inappropriate in the Western District of Washington.

Dkt. # 9, p. 2.

On January 21, 2013, Plaintiff responded to the Court's show cause order. In his response, Plaintiff conceded that 26 U.S.C. § 7323 did not provide any jurisdiction in this case. Dkt. # 10, p. 1. Plaintiff's response is largely focused on the proper venue, but it appears to reassert its position that he is entitled to some form of post-seizure hearing. Plaintiff also argues that he has no need to prove any jurisdiction, stating "Plaintiff bears no burden in this request for a post seizure hearing to show any jurisdiction except, that the matter is an In Rem action." Dkt. # 10, p. 5.

**Argument**

This action should be dismissed because Plaintiff has failed to establish any jurisdiction for this suit. Further, even if the complaint could survive a jurisdictional challenge, this action should be dismissed for failure to state a claim upon which relief can be granted.

A. There Is No Jurisdiction for Plaintiff's Cause of Action

Plaintiff has not affirmatively pled any proper jurisdiction for this action. Plaintiff appears to assert that this Court can hear any cause of action any time any person claims that property has been seized. Plaintiff specifically states that he has "no burden . . . to prove any jurisdiction" simply because he is bringing an in rem action. Pleading jurisdiction, of course, is not such a low bar, especially in actions filed against the United States that require a Plaintiff to establish a waiver of sovereign immunity. The United States is a sovereign entity and may not be sued without its consent. *E.g.*, *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990). Before the United States or one of its agencies may be sued, Congress must specifically waive sovereign immunity. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) (when Congress authorizes one of its agencies to be sued *eo nomine*, it does so explicitly). Plaintiff has failed to meet his burden to establish any waiver of sovereign immunity or any jurisdiction for this action.

However, Plaintiff is proceeding pro se. Courts traditionally give pro se pleadings liberal construction. Even if Plaintiff's pleadings are given the most liberal construction possible, there is no jurisdiction for this action. Plaintiff appears to be contesting the IRS' collection activities against him.


Quinn P. Harrington, 202.514.6507
U.S. Department of Justice, Tax Division
P.O. Box 683,Washington, D.C. 20044-0683

In general terms, the Anti-Injunction Act prohibits individuals from interfering with the tax collection activities of the United States. The Anti-Injunction Act states that with certain exceptions, “no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.” 26 U.S.C. § 7421(a). If a suit seeks to restrain the collection of a tax and it does not fall within one of the statutory or judicial exceptions, it must be dismissed for lack of subject-matter jurisdiction. *See Sokolow v. United States*, 169 F.3d 663, 665 (9th Cir. 1999); *Blech v. United States*, 595 F.2d 462, 466 (9th Cir. 1979); *see also Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962) (principal purpose of Anti-Injunction Act is to protect the Government’s need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund). The United States code authorizes particular actions against the United States, but, in this case, none of those statutes would provide jurisdiction in this case.

Theoretically, Plaintiff’s suit could be construed as a suit for damages under 26 U.S.C. §§ 7432 and 7433.[1] Section 7432 provides that a taxpayer may bring a civil action for damages against the United States if the IRS knowingly or negligently fails to release a federal tax lien when required to do so. § 7432(a). Section 7433 provides that a taxpayer may bring a civil action for damages against the United States if the IRS recklessly or intentionally disregards any provision of the Internal Revenue Code. § 7433.

Plaintiff’s cause of action under §§ 7432 or 7433 is jurisdictionally deficient because Plaintiff failed to exhaust his administrative remedies. In the Ninth Circuit, exhaustion of administrative remedies is jurisdictional. *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992); *see also Johnson v. Paul*, 225 Fed. Appx. 642 (9th Cir. 2007); *Allied/Royal Parking*, 166 F.3d 1000 (9th Cir. 1999)

---

[1] In addition, 26 U.S.C. § 7426 provides a waiver of sovereign immunity allowing third parties to sue the United States when IRS collection activities interfere with their property rights. That waiver is limited to suits brought by persons “other than the person against whom is assessed the tax out of which such levy arose.” 26 U.S.C. § 7426(a)(1). Because taxpayer is the person against whom the tax was assessed, he cannot maintain a wrongful levy action under § 7426. *See*, *e.g.*, *Shannon v. United States*, 521 F.2d 56, 59 (9th Cir. 1975).

(dismissing § 7433 claims by nontaxpayers for lack of subject matter jurisdiction).[2]

To bring a claim for damages under §§ 7432 or 7433, a taxpayer must first exhaust his or her administrative remedies. 26 U.S.C. §§ 7432(d)(1) and 7433(d)(1). In particular, a taxpayer must file a written claim for damages with the appropriate IRS district director before filing a suit for damages in the district court for failure to release a tax lien. Treas. Reg. § 301.7432(e) and (f)(1). The Treasury Regulation promulgated under 26 U.S.C. § 7433 contains a similar procedure for filing an administrative claim for damages prior to instituting an action in the district court for damages under § 7433. Treas. Reg. § 301.7433-1(d) and (e). Importantly, a taxpayer must fulfil the requirements for making a claim, and a taxpayer must actually give the IRS an opportunity to respond. As such, a district court action cannot be filed until 30 days after the date of filing an administrative claim. Treas. Reg. § 301.7432(e).

Plaintiff attached a letter to his complaint that he describes as a claim, however, that letter is insufficient to exhaust his administrative remedies. *See* Dkt. # 1-1. First, the letter does not comply with the procedural requirements because the letter does not contain all of the required information that must be included in an administrative claim. *See* Treas. Reg. § 301.7432(e). Moreover, the date of that letter is December 18, 2012, the day before Plaintiff filed his complaint. Plaintiff did not wait the required period of time to file this action, and, accordingly, Plaintiff has not exhausted his administrative remedies.

In addition, Plaintiff's action is not timely and is jurisdictionally deficient in that regard as well. An action for damages under §§ 7432 or 7433 must be brought within two years of the date the right of

---

[2]Some other circuits have cast doubt on the jurisdictional nature of the administrative requirement in 26 U.S.C. § 7433 based upon recent Supreme Court opinions dealing with administrative exhaustion in a Title VII case, *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), and a prisoner suit in a § 1983 action. *Jones v. Bock*, 549 U.S. 199 (2007). Those courts have held that, although administrative exhaustion is mandatory, it is not jurisdictional, *See Hoogerheide v. IRS*, 637 F.3d 634 (6th Cir. 2011); *see also Galvez v. IRS*, No. 11-10659, 2011 WL 4348328 (11th Cir. September 19, 2011); *Kim v. United States*, 632 F.3d 713 (D.C. Cir. 2011). First, the Supreme Court cases cited above did not deal with an issue of the United States' waiver of sovereign immunity. Because the United States' sovereign immunity must be read narrowly, those cases do not control the outcome in this case. Second, even if it is determined that the administrative exhaustion requirement is not jurisdictional, there can be no dispute that administrative exhaustion is *mandatory* and failure to properly plead exhaustion should lead to dismissal for failure to state a claim under Rule 12(b)(6).

action accrues. §§ 7432(d)(3), 7433(d)(3). Under both provisions, the right of action "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." Treas. Reg. §§ 301.7432-1(i)(2), 301.7433-1(g)(2). A right of action thus accrues when the IRS's collection activities begin. *See Keohane v. United States*, 669 F.3d 325, 328 (D.C. Cir. 2012) (right to challenge levy accrued in the month when the taxpayer received notice of levy and when amounts were taken from his social security benefits); *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 637 (5th Cir. 2003) ("a right of action accrues when the levy commences").

Plaintiff takes issue with collection activity that occurred on September 9, 2009. Dkt. # 1, p. 3. Thus, the two year statute of limitations expired on September 9, 2011. Because this action was filed in December of 2012, this action was filed over one year past the statute of limitations. Because the action is untimely, the United States has not waived its sovereign immunity to this suit, and there is no jurisdiction for this action. *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992); *see also Kimball v. Internal Revenue Service*, 351 Fed. Appx. 170, 2009 WL 2176238, at *1 (9th Cir. 2009) ("The district court lacked jurisdiction under I.R.C. § 7433 because the claims were not filed within the two-year statute of limitations").

To the extent the complaint could be construed as containing a claim for a tax refund, there is still no jurisdiction for this action. 28 U.S.C. § 1346(a)(1) provides a specific grant of jurisdiction to federal district courts over actions for the refund of any internal revenue tax allegedly erroneously or illegally assessed or collected, and 26 U.S.C. § 7422 grants a waiver of sovereign immunity to permit jurisdiction under 28 U.S.C. § 1346(a)(1). In order to invoke the court's jurisdiction in a refund suit, the taxpayer must first file a claim for refund "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a); 26 U.S.C. §6511; *see United States v. Felt & Tarrant Manufacturing Co.*, 283 U.S. 269, 273 (1931) (a claim for refund duly filed is a jurisdictional prerequisite to a refund action). The claim for refund must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Treas. Reg. § 301.6402-2(b)(1) (26 C.F.R.). The claim for refund must also be timely

filed in accordance with the provisions of 26 U.S.C. § 6511. If the claim is not acted upon, the taxpayer must wait at least six months before bringing suit, and suit must be brought not more than two years after expiration of that six-month period or rejection of the claim. 26 U.S.C. § 6532(a); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985).

Here, taxpayer failed to allege that he filed a claim for a refund at all, let alone one that was rejected by the IRS or not acted upon within six months. Thus, any possible claim against the IRS for a refund under § 7422(a) was barred by the doctrine of sovereign immunity. *See*, *e.g.*, *Thomas*; *Martin v. United States*, 833 F.2d 655 (7th Cir. 1987).

B. Plaintiff Has Failed to State a Claim upon which Relief Can Be Granted

Even if there was jurisdiction for Plaintiff's complaint, this case should still be dismissed for failure to state a claim. As a preliminary matter, Plaintiff's failure to exhaust his administrative remedies and to bring an action within the statute of limitations not only deprives this Court of jurisdiction over this case but also defeats Plaintiff's efforts to obtain any relief. As such, for the reasons stated above regarding the lack of jurisdiction, this action should be dismissed for failing to state a claim upon which relief can be granted.

Moreover, turning to the merits of Plaintiff's claim leads to the same result. Plaintiff appears to be contesting the IRS' administrative power to levy upon his wages. Plaintiff argues that the IRS' actions were unlawful because the IRS did not obtain a court order. Dkt. # 1, p. 3 & 4. Plaintiff's argument misconstrues the United States' authority to levy under Section 6331 by imposing limitations that do not exist under the statute. The plain language of Section 6331(a) provides that the United States may collect unpaid taxes following notice and demand by "levy upon all property and rights to property" belonging to the delinquent taxpayer. *United States v. National Bank of Commerce*, 472 U.S. 713, 721 (1985) (finding that Section 6331 permits a levy on a bank account for delinquent income taxes); *United States v. Baggot*, 463 U.S. 476, 481 (1983) (stating that the Service is empowered to collect income taxes by non-judicial means, such as levies on property or salary). Furthermore, continuing levies like the levy on Plaintiff's wages are specifically authorized under Section 6331(h).

Contrary to Plaintiff's assertions, there is no requirement that the United States establish a taxpayer's liability in court prior to engaging in the collection activities authorized under the tax code. *Maisano*, 940 F.2d at 501; *Todd v. United States*, 849 F.2d 365, 369 (9th Cir. 1988) (finding "well-settled. . . .the rule that the United States government's revenue requirements justify use of summary procedures in collection of taxes"); *Stonecipher v. Bray*, 653 F.2d 398, 403 (9th Cir.1981), *cert. denied*, 454 U.S. 1145 (1982) (finding that due process does not require the United States to provide notice or a hearing prior to commencing tax collection efforts). Nor is there any requirement that the IRS obtain a warrant or any other Court order. Congress has implemented a specific statutory structure for administrative collection. The IRS need not pursue those administrative remedies through the courts.

In short, Plaintiff has failed to allege any factual or legal basis for contesting the IRS' collection activities. As such, this action should be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

Even given the most liberal construal possible, there is no jurisdiction for Plaintiff's complaint. Further, Plaintiff's complaint fails to state a claim upon which relief can be granted. As such, the United States requests that the complaint be dismissed with prejudice.



Quinn P. Harrington, 202.514.6507
U.S. Department of Justice, Tax Division
P.O. Box 683,Washington, D.C. 20044-0683

Dated: February 15, 2013

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General
Tax Division

*/s/ Quinn P. Harrington*
QUINN P. HARRINGTON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Tel: 202.514.6507
Fax: 202.307.0054
quinn.p.harrington@usdoj.gov

Of Counsel:

JENNY A. DURKAN
United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98104

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 15, 2013, I caused the foregoing, along with accompanying exhibit and proposed order, to be served upon the following by filing through the Court's ECF system:

Jeffery M. McMeel
*Pro Se Plaintiff (registered ECF participant)*

*/s/ Quinn P. Harrington*
QUINN P. HARRINGTON
Trial Attorney, Tax Division
United States Department of Justice



Quinn P. Harrington, 202.514.6507
U.S. Department of Justice, Tax Division
P.O. Box 683,Washington, D.C. 20044-0683