The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| Jeffery Mark McMeel, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> United States of America, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:12-cv-6067-BHS <br><br> UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS <br><br> NOTING DATE: March 15, 2013 |

The United States submits this reply to Plaintiff's Response to its motion to dismiss.

Given Plaintiff's filings thus far, it appears that Plaintiff is resting his claim solely upon the local admiralty rules of this Court and is demanding that this Court order a hearing concerning his claim of an interest in property that was levied upon over three years ago. The United States briefly responds below.

First, the local admiralty rules of this Court do not apply to this proceeding. Under LAR 100, those rules apply "to admiralty and maritime proceedings defined in Supplemental Rule A of the Federal Rules of Civil Procedure." Plaintiff has made no allegations that would place this action in the realm of admiralty or maritime law. Plaintiff is contesting the IRS' administrative levy upon his wages. No aspect of his complaint falls within admiralty or maritime law. As such, the local rules relied upon by Plaintiff do not apply.

Second, Plaintiff has no right to an automatic hearing to contest the IRS' administrative

US Reply  
Case No. 3:12-cv-6067-BHS        1

Quinn P. Harrington, 202.514.6507  
U.S. Department of Justice, Tax Division  
P.O. Box 683, Washington, D.C. 20044-0683

collection. To be sure, a person may contest the collection activities of the IRS by, for example, filing a claim for refund. However, as explained in the United States' motion to dismiss, no such relief is available to Plaintiff because he has failed to meet the jurisdictional requirements and has failed to state a claim upon which relief could be granted. Plaintiff's most recent filing claims that he "is unaware of any laws or statutes in existence, duly enacted by Congress, that gives authority to the government to administratively seize [Plaintiff's] property without [Plaintiff] having his day in court." Dkt. # 17, p. 3. In its motion to dismiss, the United States set forth the statutory provisions, supported by case law, that establish that the IRS can collect administratively without involvement of a court.  Dkt. # 11, p. 7-8. Further, as discussed in the motion, there are causes of action that would allow a person to contest those collection activities, but Plaintiff's action does not fulfill any of the jurisdictional prerequisites for bringing such an action. Dkt. # 11, p. 3-7. Moreover, Plaintiff's citation to 26 U.S.C. § 7325 is inapplicable in this case. The IRS did not collect under that statutory provision. Instead, as explained in the United States' motion, it collected under 26 U.S.C. § 6331. As such, the particular requirements of § 7325 have no application in this case.

Third, despite the authority cited by both the Court and the United States in recent filings, Plaintiff willfully ignores the relevant legal authority and continues to argue that he has an absolute right to a judicial hearing to contest the IRS' collection activity. At the same time, Plaintiff is doubling down on his baseless claims by making aggressive accusations against counsel for the United States and asking for Rule 11 sanctions against the United States. The United States has attempted to construe Plaintiff's pleading as liberally as possible, but he has not alleged any triable cause of action. Contrary to Plaintiff's assertion, bringing an action against the United States requires more than simply claiming an interest in property. Congress has carefully delineated a variety of actions that waive the sovereign immunity of the United States for narrow causes of action that satisfy specific jurisdictional prerequisites. As explained in the United States' motion, even construed as liberally as possible, Plaintiff's action cannot survive a motion to dismiss. Plaintiff cannot circumvent the sovereign immunity of the United States or create jurisdiction through admiralty rules that do not even apply in this case.

Finally, Plaintiff may be pro se, but his pleadings lack any merit or any support in any statutes or case law. The United States respectfully requests that this Court warn Plaintiff that future actions or pleadings that are frivolous or lack any support in fact or law could subject him to sanctions under Rule 11.

The United States respectfully requests that this Court grant its motion to dismiss.

Dated: March 15, 2013

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General
Tax Division

*/s/ Quinn P. Harrington*
QUINN P. HARRINGTON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Tel:     202.514.6507
Fax:    202.307.0054
quinn.p.harrington@usdoj.gov

Of Counsel:

JENNY A. DURKAN
United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98104

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 15, 2013, I caused the foregoing to be served upon the following by sending a copy through the US Mail to:

Jeffery M. McMeel
5218 Marian Dr. NE
Olympia, WA 98516
*Pro Se Plaintiff*


*/s/ Quinn P. Harrington*
QUINN P. HARRINGTON
Trial Attorney, Tax Division
United States Department of Justice